### BARNES et al. v. McDONALD.

*(Supreme Court, General Term, Second Department.   February 11, 1891.)*

ASSUMPSIT—LOAN OF MONEY—EVIDENCE.

In an action for $1,500, alleged to have been loaned to defendant by plaintiff's intestate, it appeared that certain property had been conveyed to one S. and defendant's husband, and the price, $3,000, was paid for with checks given to decedent by a firm to which she had loaned money.   There was evidence that defendant's husband acted for defendant in the purchase of the property, and that defendant had acknowledged that she borrowed the money, though she denied it on the trial, and her husband testified that S. borrowed all the money, and gave him half.   S. and defendant were children of deceased.   *Held,* that defendant was liable.

Appeal from circuit court Richmond county.

Action by Stephen D. Barnes and William Wheeler, as administrators of Judith Barnes, deceased, against Ann L. McDonald.   There was a judgment for plaintiffs, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Samuel C. Mount,* for appellant.   *Calvin D. Van Name,* (*Albert B. Boardman,* of counsel,) for respondents.

BARNARD, P. J.   The complaint of the plaintiffs avers that on the 25th day of February, 1881, the defendant borrowed of the deceased $1,500.   The defendant denies this fact.   The trial of this issue exhibited great contradiction between the witnesses, not only upon the main issue, but also on collateral ones.   Certain facts stood out clearly around these contradictions which go far to throw light upon the question of fact between the parties.   On the 25th day of February, 1881, one Mary Cowan conveyed a piece of land in New Jersey, being an hotel property, to Stephen D. Barnes, a son of deceased, and John H. McDonald, the husband of defendant.   The defendant was a daughter of deceased.   The price of the land was $10,500.   The mortgages on it were $7,500.   These were assumed by the grantees, and the balance, $3,000, was paid in cash.   It is clearly proven that this $3,000 was paid by checks given by a firm in which Stephen D. Barnes, the husband of deceased, was a member.   It was also proven that the $3,000 belonged to deceased.   It had been in a savings bank in her name, and her husband had borrowed it of her for the purpose of building a vessel, and had returned the money to her by these checks.   The question is not very material as to the ownership, for the hus-

band of deceased is proven to have recognized his wife's title to the money. The title, as has been stated, was taken in the name of defendant's husband. It was proven that she permitted her husband to act for her in respect to the purchase, and the title was, no doubt, taken in his name at her request. It was proven by several witnesses, and on different occasions, that the defendant acknowledged that she made the loan, and that she would repay the money, and if she did make the loan herself the deceased had no responsibility as to the purpose for which it was to be and was used. The defendant on the trial denied the loan to her, and her husband testifies that he did not borrow the money, but that Stephen D. Barnes borrowed all the money, and gave him half. It is apparent, therefore, that the deceased made the loans; that it went to buy the house; that the title was taken to Stephen D. Barnes and defendant's husband. It is not likely that Stephen D. Barnes gave the money to defendant's husband, and it is not likely that the defendant's mother gave the money to defendant's husband. The referee, therefore, properly found that the defendant borrowed the money. This accords with the probabilities of the case, and with the direct testimony in support of the plaintiff's case. The exception to the exclusion of evidence tending to show that an attorney, who was an adviser of plaintiff's husband, said he did not know of deceased having money in the firm which gave the checks, was immaterial. There was no doubt as to the checks being given, and whether the husband of deceased gave them for his own money or his wife's did not tend to release the defendant from repaying it, if she borrowed it. The exception that Mr. Van. Buskirk testified to a conversation with Capt. Barnes, in the absence of defendant, seems to be based upon a mistaken fact. The witness testified: "I am sure that Anna McDonald was there at the time." The appeal-book does not show any error calling for a reversal, and the judgment should therefore be affirmed, with costs. All concur.